Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Dylan Thorington

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Dylan Thorington,<br><br>                              Plaintiff,<br><br>v.<br><br>Security National Automotive Acceptance Company, LLC and Prober & Raphael, a Law Corporation | Case No: **'16 CV 2996 BTM BLM**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
| --- | --- |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Dylan Thorington, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Security National Automotive Acceptance Company, LLC ("SNAAC") and Prober & Raphael, a Law Corporation, ("P&R"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

///

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

<strong>JURISDICTION AND VENUE</strong>

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Defendants regularly operate within the county of San Diego and file hundreds of lawsuits, including one against Plaintiff in the San Diego Superior Court. This lawsuit, and associated collection actions are the actions that give rise to Plaintiff's claim.

13. Because Defendants do business and have the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

14. A substantial part of the events or omissions giving rise to the claim occurred in San Diego, California against Plaintiff who resides in San Diego, California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

15. Because Defendants do business within the State of California, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. § 1391.

HYDE & SWIGART
Consumer Protection Attorneys

17.  At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

18.  Plaintiff is a natural person who resides in the City of Oceanside, State of California.

19.  Defendant SNAAC is located in the City of Mason, in the State of Ohio.

20.  Defendant P&R is located in Woodland Hills, California.

21.  Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

22.  Defendant P&R is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

23.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

24.  Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

25.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

///

**FACTUAL ALLEGATIONS**

26.  One May 13, 2015 Thorington signed a Conditional Sale Contract and Security Agreement ("Sales Contract") to purchase a 2011 Chevrolet Camaro ("vehicle") for personal use.

27.  Through this contract, Plaintiff is alleged to have incurred certain financial obligations to SNAAC, who was assigned the loan.

28.  These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

29.  These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

30.  Sometime thereafter, but before September of 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

31.  Subsequently, but before September 23, 2015, SNAAC repossessed the vehicle, pursuant to the security rights in the Sales Contract.

32.  On or about September 23, 2015, Defendant SNAAC mailed a dunning letter to Plaintiff at his mother's address in Orlando, Florida.

33.  This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34.  This letter was titled a Notice of Intention to Dispose of Motor Vehicle, and provided information related to SNAAC's intent to sell the vehicle and

Thorington's rights and option to reinstate or redeem the contract for the Camaro.

35. Thorington had never provided SNAAC with any address in Orlando, Florida.

36. Thorington did not reside in Orlando, Florida.

37. Thorington did not receive mail in Orlando, Florida.

38. Thorington provided SNAAC with his current address in California when he purchased the car.

39. SNAAC had successfully made contact with Thorington at his address in California.

40. SNAAC sent this September 23, 2015 letter to the address in Florida so that Thorington would not be aware of his rights to reinstate or redeem the contract.

41. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

43. On or about October 23, 2015, SNAAC sold the vehicle to a third party for $8,000.

44. The $8,000 was applied to the alleged balance owed by Thorington and left a remaining balance of over $14,000.

45. Subsequently, but before May 26, 2016, SNAAC, retained P&R, a debt collector pursuant to the FDCPA and Rosenthal Act, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

46.   On May 26, 2016, P&R at the instruction of SNAAC filed a collection action against Thorington on behalf of SNAAC for the collection of the alleged deficiency after sale of the vehicle.

47.   Pursuant to Cal. Civ. Code § 2983.2, a person is only liable for any deficiency after disposition of a repossessed motor vehicle if a proper notice of reinstatements and redemption rights is mailed to the last known address of the persons liable on the contract.

48.   Pursuant to Cal. Civ. Code § 2983.2(a)(4), the creditor must provide in this notice, among other things, the place at which the motor vehicle will be retuned upon redemption or reinstatement.

49.   The one and only letter sent by SNAAC after repossession to Thorington was mailed to an address never provided to SNAAC, and did not include an address at which the motor vehicle will be retuned upon redemption or reinstatement.

50.   As the notice failed to comply with Cal. Civ. Code § 2983.2, SNAAC and P&R had no legal claim to collect money from Thorington.

51.   Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1), and Cal. Civ. Code § 1788.17.

52.   Further, in the September 23, 2015 letter, SNAAC stated that the repossession fee was $350.00, but when the vehicle was sold and the proceeds were disbursed, SNAAC stated that repossession was a $2,180.00 charge.

53.   SNAAC took advantage of the situation and attempted to charge Thorington more for the repossession than what was actually incurred.

54.   Subsequently, this fraudulent accounting led the the final demand in the lawsuit against Thorington filed by P&R on behalf of SNAAC.

55.   Through this conduct, P&R and SNAAC were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1) and Cal. Civ. Code § 1788.17, and Cal. Civ. Code § 1788.17.

56.   As a result of the lawsuit, Thorington was forced to retain and pay counsel for services to defend against the lawsuit.

57.   Even though the action against Thorington is now dismissed, there will forever be a record of this action brought against Thorington damaging his reputation.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [AGAINST PROBER & RAPHAEL ONLY]

58.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

60.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

//

///

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### [AGAINST ALL DEFENDANTS]

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

63. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully submitted,

**Hyde & Swigart**


Date: December 6, 2016          By: /s/Jessica R. K. Dorman
                               Jessica R. K. Dorman
                               Attorneys for Plaintiff